LAW OFFICE OF DANIEL MARKS
DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

CHARLES MOSER,

Plaintiff,

v.

DEVIN BALLARD, an Individual; PATRICK NEVILLE, an Individual; and LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

Defendants.
____________________________________/

Case No.: 2:17-cv-01704-APG-PAL

**JURY TRIAL DEMANDED**

**AMENDED COMPLAINT**

COMES NOW Plaintiff Charles Moser, by and through undersigned counsel Adam Levine, Esq. of the Law Office of Daniel Marks and for his cause of action against the Defendant herein alleges as follows:

1. At all times material hereto, Plaintiff Charles Moser was a resident of Clark County, Nevada.

2. At all times material hereto, Defendants Devin Ballard and Patrick Neville were residents of Clark County, Nevada.

3. At all times material hereto, Defendant Las Vegas Metropolitan Police Department ("LVMPD") was a Metropolitan Police Department authorized and existing pursuant to NRS Chapter 280.

4. The United States District Court has jurisdiction pursuant to 28 U.S.C. §§1331 as the Plaintiff's claims are brought for the violation of his federal constitutional rights pursuant to 42 U.S.C. §1983. This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. §2201.

**COUNT ONE**

**(Discipline For Protected Speech In Violation Of The First Amendment)**

5. Plaintiff Charles Moser was employed by LVMPD and assigned to the Department's Special Weapons and Tactics ("SWAT") Team. As a member of SWAT, Plaintiff received an additional 8% Assignment Differential Pay as well as a take home vehicle and the opportunity to supplement his base pay with call out pay under the collective bargaining agreement governing his employment.

6. Plaintiff further operated a private business called SWAT Concepts, LLC., through which he offered the public the opportunity to train, think, move and act like part of a SWAT Team.

7. Defendant Devin Ballard was employed as a Captain with LVMPD and was Plaintiff's Bureau Commander. Defendant Patrick Neville was employed as a Deputy Chief with LVMPD was Plaintiff's Division Commander.

8. On December 17, 2015 LVMPD Police Officer Gregory Sedminik was shot in the line of duty by an assailant at the Emerald Suites on Las Vegas Boulevard.

9. The shooting of Officer Sedminik and the ensuing manhunt for his assailant was a public news story and a matter of public concern.

10. A Facebook page was set up for people to discuss the shooting and manhunt.

11. Upon apprehension of the assailant, Plaintiff posted a comment in this Facebook discussion stating "Thanks to a Former Action Guy (FAG) and his team we caught that asshole… It's a shame he didn't have a few holes in him…"

12. Plaintiff's statement on Facebook was made in his capacity as a private citizen on a matter of public concern.

13. Defendants Ballard and Neville disapproved of Plaintiff's statement and determined that Plaintiff should be disciplined for his statement as a private citizen on a matter of public concern by receiving a disciplinary transfer out of SWAT and back to patrol.

14. The actions of the Defendants Ballard and Neville in disciplining Plaintiff for speech as a private citizen on a matter of public concern violated Plaintiff's rights under the First Amendment of the United States Constitution.

15. As a direct and proximate result of Defendants Ballard's and Neville's violation of Plaintiff's First Amendment rights Plaintiff has suffered and/or incurred loss of income, earnings opportunity, lost business profits, diminished future pension benefits, humiliation, and emotional pain and suffering.

16. The actions of Defendants Ballard and Neville in violating Plaintiff's First Amendment rights was done intentionally, maliciously and/or with reckless indifference to the Plaintiff's constitutional rights and entitles Plaintiff to an award of punitive damages.

17. LVMPD's Social Media Policy utilized by Defendants Ballard and Neville to discipline Plaintiff is unconstitutional in and of itself insofar as it is overbroad, and expressly authorizes discipline under terms inconsistent with well-established First Amendment jurisprudence. Accordingly, LVMPD may be rendered liable for Plaintiff's damages pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

///

18. LVMPD has likewise disciplined other officers for speech made in their capacity as a private citizen on a matter of public concern. LVMPD Labor Relations Department maintains records of discipline for social media violations listing at least twelve (12) prior incidents of discipline within the last few years. While the list does not identify the names of the officers, one of those officers is known to be Robert Kinch who was disciplined for off-duty statements on Facebook regarding national cultural disputes who stated "Let's just get this over! Race war, civil, revolution? Bring it! I'm as said up as a man (American, Christian, White, Heterosexual can get! It's obviously coming to a boiling point!"

19. LVMPD maintains a Labor Relations Department which reviews proposed discipline and provides guidance to the individual supervisors who make the disciplinary decisions.

20. In the case of Charles Moser, the Labor Relations Department represented LVMPD in opposing Moser's attempt to grieve his discipline under the collective bargaining agreement and advocated on behalf of LVMPD before a Labor Management Board that the discipline was appropriate.

21. That the actions of LVMPD as set forth above are sufficient to constitute an unconstitutional custom, practice and/or policy of punishing speech made by employees in their personal capacity on matters of public concern such that LVMPD is liable to Plaintiff pursuant to *Monell*.

22. The fact that multiple supervisors, and its entire Labor Relations Department, were ignorant of the fact that LVMPD officers have a constitutional right to speak as private citizens on matters of public concern demonstrates that LVMPD was deliberately indifferent in its training regarding employee's First Amendment Rights, and through its failure to adopt policies necessary to prevent constitutional violations, such that LVMPD is liable to Plaintiff pursuant to *City of Canton v. Harris*, 49 U.S. 378 (1989).

///

**COUNT TWO**

**(Overbroad And Vague Restrictions On Speech In Violation Of The First Amendment)**

23. Plaintiff restates the allegations of paragraphs 1 through 22 and incorporates them herein by reference.

24. LVMPD's Social Media Policy prohibits speech that ridicules, maligns, disparages or otherwise promotes discrimination against race, ethnicity, religion, sex, natural origin, sexual orientation, age, disability, political affiliation, gender identity and expression or other explicit class of individuals.

25. LVMPD's Social Media Policy prohibits employees from using the department logo, a replica of the badge, or even the letters "LVMPD" as part of a page, posting, signature or to serve as an embellishment of any statement.

26. LVMPD's Social Media Policy prohibits expression that suggests the person is engaged in behavior reasonably considered to be unlawful or reckless torts Public Safety.

27. LVMPD's Social Media Policy prohibits speech which conflicts with the Departments "ICARE" values (Integrity, Courage, Accountability, Respect and Excellence).

28. LVMPD's Social Media Policy prohibits speech which might impair discipline and harmony among coworkers, impair working relationships of the Department for which loyalty and confidentiality are important, or tend to bring either the member or the Department into "discredit".

29. The restrictions and prohibitions contained within LVMPD's Social Media Policy as set forth above renders its Social Media Policy unconstitutionally overbroad insofar as it impedes a broad category of expression and chills potential speech before it happens.

30. The restrictions and prohibitions contained within LVMPD's Social Media Policy are unconstitutionally vague as a person of ordinary intelligence could not know what speech will, or will not, subject them to discipline.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For special damages in an amount in excess of $10,000.

2. For an injunction to reinstate Plaintiff to his former position with back pay/front pay and benefits.

3. For compensatory damages in excess of $10,000.

4. For punitive damages against Defendants Ballard and Neville.

5. For a declaration that LVMPD's Social Media Policy is unconstitutional under the First Amendment to the United States Constitution.

6. For a preliminary and/or permanent injunction enjoining Defendant LVMPD from taking employment-related actions based upon an alleged violation of the Social Media Policy.

7. For attorney's fees and litigation costs incurred.

8. For such other and further equitable relief, including injunctive relief, as the Court deems just and proper.

DATED this 7th day of July, 2017.

LAW OFFICE OF DANIEL MARKS

*/s/ Adam Levine, Esq.* .

DANIEL MARKS, ESQ.
Nevada State Bar No. 002003
ADAM LEVINE, ESQ.
Nevada State Bar No. 004673
610 South Ninth Street
Las Vegas, Nevada 89101
(702) 386-0536: FAX (702) 386-6812
*Attorneys for Plaintiff*