# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| John Sabatini, | |
|     Plaintiff | |
| v. | Case No.: 2:17-cv-01012-JAD-NJK |
| Las Vegas Metropolitan Police Department, | |
|     Defendant | |
| Charles Moser, | Case No. 2:17-cv-1704-APG-NJK |
|     Plaintiff | |
| v. | |
| Devin Ballard, Patrick Neville, Las Vegas Metropolitan Police Department | **Order Granting Charles Moser's Motion to Deconsolidate** |
|     Defendants | [ECF No. 75] |

Charles Moser, a former SWAT team sniper, sued the Las Vegas Metropolitan Police Department and two of his former supervising officers, alleging that they violated his First Amendment rights by transferring him out of SWAT because he commented on a Facebook post that it was "a shame" that a suspect apprehended after shooting a police officer "didn't have a few holes in him."[1] On Moser's motion,[2] his case was consolidated into that of another Metro

---

[1] ECF No. 38-2 at 26 (ellipses omitted).

[2] ECF No. 21.

officer, John Sabatini, "for the purposes of discovery and dispositive motions" and with **"the option at a later time to consolidate for the purposes of trial, if needed."**[3]

After extensive briefing, I granted summary judgment for the defense on all of Moser's claims and some of Sabatini's claims.[4]  Sabatini ultimately dismissed his suit,[5] but Moser appealed.  Earlier this year, the Ninth Circuit, in a published opinion, reversed and remanded, finding that factual disputes "about the objective meaning of Moser's comment" and its effect should have precluded summary judgment on his claims.[6]

Moser now moves to transfer this case back to U.S. District Judge Andrew Gordon, who was originally assigned the case before it was consolidated with Sabatini's.[7]  He notes that consolidation was sought only to "obtain the benefit of the expertise of Sabatini's counsel," who "held himself out as a First Amendment specialist."[8]  I construe this motion as one for deconsolidation.  Because there is no longer a case to keep Moser's consolidated with and the limited scope and purpose of consolidation (discovery and dispositive motions) have been satisfied,

---

[3] Minute Order at ECF No. 26.

[4] ECF Nos. 56, 64.

[5] ECF Nos. 60, 62.

[6] ECF No. 70 at 5.  *Moser v. Las Vegas Metro. Police Dep't*, 984 F.3d 900, 902 (9th Cir. 2021) ("The district court erred in granting summary judgment for the government because there is a factual dispute about the objective meaning of Moser's comment: was it a hyperbolic political statement lamenting police officers being struck down in the line of duty—or a call for unlawful violence against suspects?  Another factual dispute exists over whether Moser's comment would have likely caused disruption in the police department.  These factual disputes had to be resolved before the court could weigh the competing considerations under the *Pickering* [*v. Board of Education*, 391 U.S. 563 (1968)] balancing test.  We thus reverse the grant of summary judgment and remand.").

[7] ECF No. 75.

[8] ECF No. 75 at 2, 3.

IT IS HEREBY ORDERED that Moser's Motion to Transfer **[ECF No. 75] is**

**GRANTED.  The Clerk of Court is directed to DECONSOLIDATE this action and reopen**

**Case No. 2:17-cv-1704-APG-NJK.**  All future filings in Moser's case should be in Case No.

2:17-cv-1704-APG-NJK.  And because there remain no claims pending in the Sabatini case, the

Clerk of Court is directed to **CLOSE** Case No. 2:17-cv-01012-JAD-NJK.

Dated: November 24, 2021

_____

U.S. District Judge Jennifer A. Dorsey